Joseph E. Smith et als.  
vs.     Eq.No.7873  
Hachadour S. Emirzian  

RESCRIPT

July 1, 1926

TANNER, P. J. This is a bill in equity brought for the purpose of enforcing a restriction in a deed of the respondent.

The restriction was "upon lots numbered upon said plat from 1 to 65, inclusive, and lots numbered 106 and 107, and bounding upon River avenue, Lyndehurst avenue or Quincy street, no house, building or structure shall hereafter be erected thereon within fifteen feet, or have a porch or piazza within fifteen feet of the line of River avenue, Lyndehurst avenue or Quincy street," etc.

This bill is now heard upon the respondent's demurrer and the sufficiency of the respondent's pleas.

Respondent's demurrer is that two of the parties complainant are not alleged to have any interest or ownership to any lots in favor of which said restriction might apply.

The demurrer upon this ground is sustained with leave to amend.

The first plea of the respondent alleges that the building which he is erecting on his lot is being erected under a permit of the building inspector of the city of Providence and in accordance with the zoning ordinance of said city. Said plea is intended to claim that the remedy of complainant, if any, is under the provisions of the zoning law and not by an original bill.

We are of the opinion that the remedy provided by the zoning laws was to give a remedy in favor of owners who were aggrieved by the action of the building inspector, etc., but was not intended to deprive this court of its original jurisdiction to enforce restrictions under its equity powers. We therefore think that this plea is not sufficient.

The second plea sets up, first, the claim that the restriction was intended to apply to a corner lot since all corner lots faced upon streets to which the restriction did not apply, the result being that the owner of the corner lot would be restricted for 15 feet along the whole length of the same instead of only along the width of the lot, and that such a building scheme was inequitable and unjust. We much doubt the sufficiency of this part of the plea but think it best to let it stand for further hearing upon the full hearing of the case.

The second part of this second plea alleges, in effect, that in addition to the restrictions of the deed the zoning law will prevent the respondent from building within six feet of the westerly line of his lot, so that, giving effect also to the restrictions of the deed, he would only have 29 feet along the whole length of his lot on which to build, and the enforcement of such a restriction in connection with the zoning law would be inequitable and unfair. This part of the plea we will allow to stand for further hearing.

In the third place, respondent alleges in the second plea that the zoning law and ordinance supersede the building plan or scheme set up by said administrators. This might be true if the zoning law laid down restrictions which were in conflict with the restrictions of the deed, but so far as his plea states, this is not the case for the zoning law simply imposes an additional restriction to that imposed by the deed. In this respect we think the plea is insufficient.

For Complainants: Malcolm D. Champlin.

For Respondent: Knauer & Fowler.